Filed 6/10/14  P. v. Cortez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIKA CORTEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B251734<br>(Super. Ct. No. 2012012892)<br>(Ventura County) |

Pursuant to a negotiated plea, Erika Cortez pled guilty to transporting heroin.  (Health & Saf. Code, § 11352, subd. (c).)[1]  She also admitted that she suffered a prior conviction under section 11352, subdivision (a), (§ 11370.2, subd. (a)), and that she had served a prior prison term (Pen. Code, § 667.5, subd. (b)).  The trial court sentenced Cortez to the low term of three years on the transportation charge and a consecutive three years for the prior conviction.  The court stuck the prior prison term enhancement.  Because

---

[1] All statutory references are to the Health and Safety Code unless stated otherwise.

of a change in the law favorable to Cortez, the People concede we must reverse and remand for a new trial.

## DISCUSSION

Cortez pled guilty in January 2013. She requested Proposition 36 probation. The trial court held a hearing pursuant to *People v. Dove* (2004) 124 Cal.App.4th 1, to determine whether she was eligible. The trial court placed the burden on Cortez to show her transportation was for personal use. The court found she failed to carry her burden and denied her request for Proposition 36 probation. The court sentenced her to a six-year term in August 2013.

At the time of Cortez's plea and sentencing, section 11352, subdivision (a) provided in part, "[E]very person who transports . . . any controlled substance . . . shall be punished by imprisonment . . . for three, four, or five years." Effective January 1, 2014, the Legislature amended section 11352 to state, "For the purposes of this section 'transports' means to transport for sale." (*Id.*, subd. (c); Stats. 2013, ch. 504, § 1.)[2]

The amendment makes it clear that transportation of a controlled substance for personal use is no longer an offense under section 11352. Instead, transportation "for sale" is now an element of the offense. Thus the prosecution bears the burden of proof on the "for sale" element beyond a reasonable doubt. (See Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Trial, § 624, pp. 966-967.)

Absent a saving clause, a defendant is entitled to the benefit of a more recent statute that mitigates punishment or decriminalizes the conduct. (*People v. Babylon* (1985) 39 Cal.3d 719, 725.) A defendant is entitled to the

_____

[2] We grant appellant's Request for Judicial Notice, filed February 4, 2014. (Evid. Code, § 452, subd. (c).)

benefit of a change in the law during the pendency of his appeal. (*Id.*, at pp. 721-722.) Nor does the defendant need a certificate of probable cause to raise grounds on appeal that occur after entry of the plea. (See Pen. Code, § 1237.5.)

We reverse and remand for a new trial on the question whether the transportation was for sale.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

3

Donald D. Coleman, Ryan J. Wright,

David Hirsch, Kevin J. McGee, Judges

Superior Court County of Ventura

_____


Jonathan B. Steiner and Richard B. Lennon, California Appellate Project, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul A. Bernardino, Chung L. Mar and Jonathan J. Kline, Deputy Attorneys General, for Plaintiff and Respondent.